**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION**

**CRIMINAL NO. 2:03CR40**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | |
| ) | |
| MICKEY EDWARD RATTLER, ) | <u>O R D E R</u> |
| ) | |
| Defendant. ) | |
| ) | |
| And ) | |
| ) | |
| EASTERN BAND OF CHEROKEE ) | |
| INDIANS, ) | |
| ) | |
| Garnishee. ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendant's objections to the writ of continuing garnishment previously entered in this matter.

On May 11, 2005, notice was provided to the Defendant that the Government sought a writ of continuing garnishment in order to garnish his *per capita* distribution of gaming proceeds from the Eastern Band of Cherokee Indians. In that notice, he was advised that he must file any objections or request for a hearing on or before 20 days after receipt of an answer from the garnishee, The Eastern Band of Cherokee Indians. On May 31, 2005, the Writ of Continuing Garnishment issued. The Eastern Band of Cherokee Indians answered and moved to quash the writ on June 16, 2005, a motion which was denied on July 6, 2005. On July 13, 2005, almost one month after the answer of the garnishee was provided to the Defendant, he filed objections

and a request for a hearing. On July 19, 2005, the Fourth Circuit Court of Appeals affirmed the Defendant's conviction and sentence as to restitution while vacating his sentence of imprisonment in view of *United States v. Booker*, 125 S. Ct. 738 (2005).

The Defendant's objections are dismissed and his request for a hearing is denied. "After the garnishee files an answer and if no hearing is requested within the required time period, the court shall promptly enter an order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest in such property." **28 U.S.C. § 3205(c)(7).** The Defendant did not timely request a hearing and, therefore, the Court need not conduct one.

Moreover, the objections raised by the Defendant are meritless. His primary objection is that his criminal judgment requires him to pay restitution at the rate of $50 per month after his release from prison. However, the Defendant's Judgment in a Criminal Case provides that restitution is payable immediately or in monthly installments upon release. ***United States v. Walker*, 353 F.3d 130, 133 (2d Cir. 2003); *United States v. James*, 312 F.Supp.2d 802, 807 (E.D. Va. 2004).** Thus, the United States[1] has a judgment in the amount of $31,301.21 for restitution against the Defendant which it may collect pursuant to the Federal Debt Collection Procedures Act at any time once judgment has been imposed. ***Id.*; *United States v. Abdelhadi*, 327 F.Supp.2d 587, 601 (E.D. Va. 2004) (Restitution may be collected by "any civil enforcement methods available under the Federal Debt Collection Procedures Act[], such as a writ of garnishment or execution on defendant property[.]").** It is of no moment that the Judgment provided for an alternative method of payment. ***James, supra.*** Indeed, collection

---

[1] The Government has the authority to act both in its governmental capacity and as the named victim. ***James, supra.***

could proceed even if the Defendant were currently paying restitution through the Bureau of Prisons. *United States v. Minneman*, 38 Fed. Appx. 321, 322 (7th Cir. 2002) **(Government could initiate garnishment proceedings against defendant under Federal Debt Collection Procedures Act to collect restitution even though the defendant had entered into payment agreement with the Bureau of Prisons);** *United States v. Derington*, 17 Fed. Appx. 585, 586 (9th Cir. 2001); *United States v. Rostoff*, **164 F.3d 63, 69-70 (1st Cir. 1999).**

**IT IS, THEREFORE, ORDERED** that the Defendant's objections are hereby **DISMISSED** and his motion for a hearing is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the writ of continuing garnishment previously granted remains in full force.

**Signed: August 23, 2005**

*(signature)*

Lacy H. Thornburg
United States District Judge